UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS GONZALEZ,

    Petitioner,                                           Civil Action No. 08-CV-13306

vs.                                                  HON. BERNARD A. FRIEDMAN

MARY BERGHUIS,

    Respondent.
_____/

## **ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Magistrate Judge Paul J. Komives has submitted a Report and Recommendation ("R&R") recommending that the court deny the petition in this matter for a writ of habeas corpus. Petitioner has filed objections. Having reviewed the file, the R&R, and petitioner's objections, the court agrees with the magistrate judge's analysis and shall follow his recommendation.

Petitioner first objects to the magistrate judge's analysis of his claim concerning the trial court's failure to give a cautionary jury instruction on "addict testimony." Petitioner argues that the lack of such an instruction violated his due process rights because the jury was not specifically advised to be skeptical of the testimony of the victim, an admitted cocaine user. This claim fails because, as noted by the first case petitioner cites in his objections on this point, "[t]here is . . . no *per se* rule requiring that an addict-informant instruction be given in all cases involving the testimony of an addict-informant. Rather, the need for such an instruction depends on the circumstances of each case." *United States v. Brown*, 946 F.2d 1191, 1195 (6th Cir. 1991) (citations and quotation marks omitted). Morever, "there is less need for a special jury instruction about the credibility of an addict-informant where the jury is aware that the witness is an addict and where there was substantial corroboration for the witness's testimony." *United States v. Combs*, 369 F.3d

925, 939 (6th Cir. 2004).

As the magistrate judge correctly states in his R&R, the trial court's failure to give such an instruction in this case did not violate petitioner's due process rights because the jury was aware of the victim's drug use. The jury was also instructed generally on the subject of assessing witness credibility. Additionally, the victim's testimony was corroborated by a witness who saw petitioner and the victim struggling. Petitioner's objections to this portion of the R&R are overruled.

Petitioner next objects to the magistrate judge's analysis of his claim regarding the sufficiency of the evidence. In particular, petitioner focuses on the lack of physical evidence to support the victim's version of the events. These objections are overruled because the prosecutor was not required to produce corroborating physical evidence. As the magistrate judge correctly noted, the jury was entitled to convict petitioner based solely on the victim's testimony.

Petitioner next objects to the magistrate judge's analysis of his claim that he was unfairly prejudiced by the introduction of photographs showing injuries the victim allegedly sustained while struggling with petitioner. Petitioner argues the photographs were prejudicial because they were not taken immediately after the incident in question and because the victim's injuries were self-inflicted. These objections are overruled. The photographs in question were not introduced in a vacuum, but were linked to the alleged offense by the victim's testimony. Petitioner had the opportunity at trial to cross-examine the victim about the photographs. It was for the jury to believe or disbelieve her testimony as to what the photographs depicted.

Petitioner next objects to the magistrate judge's analysis of his ineffective assistance of counsel claim. Petitioner suggests his counsel was "blatant[ly]" ineffective for failing to call the nurse (who took the photographs) or the victim's mother (who spoke to the victim after the alleged

2

offense) and for failing to object to the introduction of the photographs. As the magistrate judge noted, it is petitioner's burden to demonstrate (1) "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "that the deficient performance prejudiced the defense [meaning] . . . that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Further, a "reviewing court's scrutiny of counsel's performance is 'highly deferential'; the defendant must overcome the presumption that the challenged action might be considered sound strategy." *United States v. Robinson*, 357 Fed.Appx. 677, 684 (6th Cir. 2009).

For the reasons explained in the R&R, petitioner's ineffective assistance claim fails. A defense attorney is not constitutionally required to call any particular witnesses, pursue any particular line of questioning, or make any particular objections. Petitioner has not shown that his trial attorney erred in failing to call the witnesses in question or in failing to object to the admission of the photographs, or that petitioner was prejudiced thereby. The nurse's note containing the victim's statement ("abrasion caused by herself") was admitted and petitioner's attorney questioned the victim about it during cross-examination. Petitioner has not shown what could have been gained by additionally questioning the nurse on this subject. Defense counsel's decision not to call the victim's mother was a matter of trial strategy, as the testimony might well have corroborated rather than weakened the victim's testimony. Defense counsel's failure to object to the admission of the photographs was not error, as the photographs were clearly admissible and any objection to their admission would have been futile.

Petitioner also objects to the magistrate judge's analysis of his prosecutorial

3

misconduct claim. These objections are overruled. As the magistrate judge explains in his R&R, petitioner has failed to show that the prosecutor suppressed exculpatory evidence or engaged in any other misconduct. The DNA test results were not ready at the time of trial and therefore could not have been suppressed because they did not exist. The victim's telephone records were not suppressed, as they were introduced at trial. And petitioner did not need the victim's drug test results to show she was a drug user, as the victim acknowledged during her trial testimony that she was a cocaine user. Finally, the prosecutor's comment during closing argument referring to petitioner as a "drug dealer" did not deprive petitioner of a fair trial, in light of the victim's testimony that petitioner had supplied her and others with cocaine.

For the reasons stated above,

IT IS ORDERED that Magistrate Judge Komives' Report and Recommendation dated July 20, 2010, is hereby accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that petitioner's objections are overruled.

IT IS FURTHER ORDERED that the petition in this matter for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma

pauperis.

                                          S/Bernard A. Friedman
                                          BERNARD A. FRIEDMAN
                                          SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 27, 2010
       Detroit, Michigan

      I hereby certify that the foregoing document was served on counsel of record electronically and by first class mail to Carlos Gonzalez #293701, West Shoreline Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

                                            S/Felicia Moses for Carol Mullins
                                            Case Manager